HOSIE, WES, SACKS & BRELSFORD, LLP
JAMES F. BRELSFORD (State Bar No. 098327)
NICOLE A. WONG (State Bar No. 178818)
SUSAN M. INFANTINO (State Bar No. 190244)
2420 Sand Hill Road, Suite 203
Menlo Park, California 94025
Telephone: (650) 854-9465

Attorneys for Plaintiff
Hotmail Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOTMAIL CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> VAN$ MONEY PIE INC.; ALS ENTERPRISES, INC.; LCGM, INC.; CHRISTOPHER MOSS d/b/a GENESIS NETWORK; CLAREMONT HOLDINGS LTD.; CONSUMER CONNECTIONS; PALMER & ASSOCIATES; FINANCIAL RESEARCH GROUP; and DARLENE SNOW d/b/a VISIONARY WEB CREATIONS and/or d/b/a MAXIMUM IMPACT MARKETING, <br><br> Defendants. | Case No. C-98 20064 JW PVT ENE <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DARLENE SNOW D/B/A VISIONARY WEB CREATIONS AND/OR D/B/A MAXIMUM IMPACT MARKETING** |

This Consent Judgment and Permanent Injunction is consented to by defendant Darlene Snow d/b/a/ Visonary Web Creations and/or d/b/a Maximum Impact Marketing (collectively, "Snow"), with reference to the following facts:

On or about March 3, 1998, plaintiff Hotmail Corporation ("Hotmail") filed a First Amended Complaint, alleging false designation of origin (Lanham Act, 15 U.S.C. § 1125(a)),

CONSENT JUDGMENT & PERMANENT
INJUNCTION AGAINST DARLENE SNOW        1

trademark dilution (Lanham Act, 15 U.S.C. § 1125(c)), computer fraud and abuse (18 U.S.C. § 1030), state trademark dilution (Bus. & Prof. Code § 14330), state unfair competition (Bus. & Prof. Code §§ 17200 et seq.), breach of contract, fraud and misrepresentation, trespass to chattel, unjust enrichment, and libel against Snow, among other defendants (the "Action"). The Action arose from damages suffered by Hotmail as the result of the transmission of mass unsolicited commercial bulk e-mail (commonly known as "spam"), which falsely and without Hotmail's permission used Hotmail's service mark and domain name to identify its sender as a Hotmail account when in fact the spam did not originate from Hotmail or a Hotmail account. In the Action, Hotmail alleges that Snow directly or indirectly sent one or more spam solicitations to e-mail users advertising pornographic material, and that such spam bore a header or "postmark" containing hotmail.com as the sender's return domain name, thus falsely indicating that Hotmail's service was used to send out the spam.

This Court, having been advised by her subscribed consent below that Snow consents to the entry of judgment against her and in favor of Hotmail, and upon review of the pleadings and other materials on file with this Court, and concluding that this is a proper cause for granting a permanent injunction and good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Snow, and all natural or legal persons acting on her behalf, or in concert with Snow, shall be permanently enjoined from the date of this Judgment from attempting to do, or causing to be done, directly or indirectly, by any means, method, or device whatsoever, or by any person or persons whomsoever, the following acts:

1. Performing any actions or using any images, designs, logos or marks which use, imitate or simulate the HOTMAIL mark or the "hotmail.com" domain name for any purpose, including but not limited to in connection with any solicitation, advertising, promotion, or sale of any products or services;

2. Performing any actions or using any images, designs, logos or marks that are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or

public into believing that Hotmail and Snow are one and the same or are in any way affiliated or connected or that one is under the supervision or control of the other; or that Hotmail sponsors or is affiliated with Snow's commercial activities; or that Hotmail transmits, sponsors or is affiliated with spam; or that Snow is associated in any way with Hotmail or Hotmail's services;

3. Performing any actions or using any images, designs, logos or marks or engaging in any other conduct that creates a likelihood of injury to the business reputation of Hotmail or a likelihood of misappropriation and/or dilution of Hotmail's distinctive mark and the goodwill and good reputation associated therewith;

4. Sending or transmitting, or directing, aiding, or conspiring with others to send or transmit, electronic mail or messages bearing any false, fraudulent, anonymous, inactive, deceptive, or invalid return information, or containing the mark HOTMAIL or the domain "hotmail.com," or otherwise using any other artifice, scheme or method of transmission that would prevent the automatic return of undeliverable electronic mail to its original and true point of origin or that would cause the e-mail return address to be that of anyone other than the actual sender;

5. Using, or directing, aiding, or conspiring with others to use Hotmail's computers or computer networks in any manner in connection with the transmission or transfer of any form of electronic information across the Internet, including, but not limited to, creating any Hotmail e-mail account or becoming a Hotmail subscriber, including but not limited to, for purposes of participating in any way in sending spam e-mail or operating a spamming business, or sending or advertising or promoting pornography and/or sending e-mails for any commercial purpose;

6. Using any trade practices whatsoever, including those complained of in the Action, which tend to injure Hotmail, its business and/or goodwill;

7. Obtaining and/or using, or directing, aiding, or conspiring with others to obtain and/or use, membership in or access to or use of Hotmail's services to acquire or compile

CONSENT JUDGMENT & PERMANENT
INJUNCTION AGAINST DARLENE SNOW                    3

1 Hotmail member addresses for use in the transmission of unsolicited promotional messages to
2 Hotmail members or others; and,
3       8. Sending or transmitting, or directing, aiding, or conspiring with others to
4 send or transmit, any unsolicited electronic mail message, or any electronic communication of any
5 kind, to Hotmail or its members without prior written authorization.
6 IT IS SO ORDERED.
7 Dated: August 31, 1998

                                                      James Ware
                                                   United States District Judge

9 Consented to by:
10 DARLENE SNOW D/B/A VISIONARY
   WEB CREATIONS D/B/A MAXIMUM
11 IMPACT MARKETING

13 By: /s/ Darlene Snow                  Dated: August 18, 1998
    Darlene Snow

15 WILLIAM R. MITCHELL

17 By: /s/ Will R. Mitchell             Dated: August 14, 1998
    William R. Mitchell
18 Attorneys for Defendant
    Darlene Snow d/b/a Visionary Web
19    Creations d/b/a Maximum Impact Marketing

21 Submitted by:

22 HOSIE, WES, SACKS & BRELSFORD, LLP

23 JAMES F. BRELSFORD
   MICHAEL D. SCOTT
   NICOLE A. WONG

25 By: /s/ James F. Brelsford           Dated: August 24, 1998
    James F. Brelsford
26 Attorneys for Plaintiff
    Hotmail Corporation

28 CONSENT JUDGMENT & PERMANENT             4
   INJUNCTION AGAINST DARLENE SNOW